NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Mikael M. Safarian,<br><br>    Plaintiff,<br><br>v.<br><br>American DG Energy Inc., et al.,<br><br>    Defendants. | Civ. No. 10-6082<br><br>**OPINION** |
| American DG Energy Inc.,<br><br>    Third-party Plaintiff,<br>v.<br><br>Multiservice Power Inc.,<br><br>    Third-party Defendant. | |

THOMPSON, U.S.D.J.

      This matter is before the Court upon the motion of Defendant American DG Energy Inc. ("Defendant") for reconsideration (ECF No. 71), challenging the Court's November 24, 2015 Order denying Defendant summary judgment on the *Pierce* claim brought by Plaintiff Mikael M. Safarian ("Plaintiff") and finding that Defendant waived its choice-of-law argument. (ECF No. 69). Plaintiff opposes. (ECF No. 78). After considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will deny Defendant's motion.

1

BACKGROUND

This matter centers on Defendant's alleged retaliation against Plaintiff. Defendant is a publicly traded company that operates in the utility industry. (Pl.'s Statement of Material Facts ¶¶ 2, 3, ECF No. 45-1). Plaintiff is an engineer who serviced Defendant's machines from approximately December 2006 to April 2010. (*Id.* ¶ 20; Def.'s Statement of Material Facts ¶ 11, ECF No. 44-1). While working on Defendant's sites, Plaintiff "disclosed [and] threatened to disclose" certain acts and omissions of Defendant to Defendant's employees and Defendant's customers. (Pl.'s Statement of Material Facts ¶ 53). Defendant incurred costs by correcting these problems, and Plaintiff alleges that these costs were the reason for his termination in April 2010. (*Id.* ¶ 63). Defendant and Plaintiff disagree on the question of Plaintiff's employment status, and thus, the availability of certain causes of action based on Defendant's alleged retaliation under federal and New Jersey law.

On September 22, 2010, Plaintiff filed the present lawsuit against Defendant in the Superior Court of New Jersey. Plaintiff brought the following claims:

1. Violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act;
2. Violation of the Fair Labor Standards Act ("FLSA"): Failure to Pay;
3. Violation of the FLSA: Retaliation;
4. Violation of New Jersey's Wage and Hour Law: Failure to Pay;
5. Violation of New Jersey's Wage and Hour Law: Retaliation;
6. Breach of Contract;
7. Promissory Estoppel;
8. Violation of the Conscientious Employee Protection Act ("CEPA"): Adverse Employment Action;
9. Violation of CEPA: Hostile Work Environment;
10. Violation of Public Policy: *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58, 61 (1980).

Defendant removed the case to federal court in November 2010. On March 3, 2014, both parties filed motions for summary judgment. (ECF Nos. 44, 45). This Court heard oral argument, and on April 30, 2014, the Court issued an opinion granting Defendant's motion for

summary judgment and denying Plaintiff's motion for summary judgment. (ECF No. 54). Plaintiff appealed the Court's decision to the Third Circuit, arguing that this Court erred in its analysis of whether Plaintiff was an independent contractor or an employee because the Court failed to examine the facts in light of the *Martin* factors and the relevant factors under New Jersey law.

On July 21, 2015, the Third Circuit affirmed this Court's opinion in part and vacated the opinion in part. *Safarian v. Am. DG Energy Inc.*, No. 14-2734, 2015 WL 4430837 (3d Cir. July 21, 2015). The Third Circuit affirmed the Court's grant of summary judgment in favor of Defendant on Plaintiff's Dodd-Frank, breach of contract, New Jersey Wage and Hour Law, and promissory estoppel claims. However, the Third Circuit vacated this Court's opinion with respect to Plaintiff's claims under the FLSA, CEPA, and *Pierce*, and remanded the case to this Court to consider the FLSA claim in light of the *Martin* factors and to consider the relevant factors under New Jersey law for the CEPA and *Pierce* claims.

On October 29, 2015, this Court once again heard oral argument on the parties' motions for summary judgment. The Court issued an opinion on November 24, 2015 dismissing Plaintiff's FLSA and CEPA claims but allowing his *Pierce* claim to proceed. (ECF No. 69). On December 8, 2015, both parties filed motions for reconsideration. (ECF Nos. 71, 72). Defendant's motion for reconsideration is presently before the Court.

## DISCUSSION

A. Legal Standard

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." L. Civ. R. 7.1(i) cmt. 6(d) (citing cases); *Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Pursuant to Federal Rule of Civil Procedure 59(e) and

Local Civil Rule 7.1, a motion for reconsideration may only be based on one of three grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not an appeal, and such a motion is improper "when it is used 'to ask the Court to rethink what it has already thought through—rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Md.,* 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations omitted), *rev'd on other grounds,* 989 F.2d 635 (3d Cir. 1993). Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

   B.  Analysis

Defendant asks for reconsideration on the basis that this Court overlooked the New Jersey Supreme Court's opinion in *Young v. Schering Corp.*, 660 A.2d 1153 (N.J. 1995) and this Court's opinion in *Rubin v. Sultan Healthcare, Inc.*, No. 08-6175, 2009 WL 1372272 (D.N.J. May 15, 2009) by ruling that it was premature for the Court to consider whether Plaintiff had waived his *Pierce* claim by alleging CEPA violations. (Def.'s Br. 5, ECF No. 71-1). Defendant also requests reconsideration of this Court's ruling that Defendant waived its choice-of-law argument, because the Court overlooked the fact that Plaintiff had access to all information related to the choice-of-law argument, and thus was not prejudiced by being unable to seek discovery on this issue. (*Id.* at 11).

Defendant has not satisfied the high standard for reconsideration. First, Defendant does not assert any intervening change in the law. Second, Defendant does not assert the availability

4

of new, previously unavailable evidence. Third, Defendant's arguments related to the CEPA claim and choice-of-law waivers fail to show a clear error of law or manifest injustice.

Defendant first argues that the Court overlooked the fact that Plaintiff's *Pierce* claim was waived because "a former employee forfeits his or her common-law retaliatory-discharge cause of action when he or she 'institutes' a CEPA cause of action." *Young*, 660 A.2d at 1159-60 (referencing N.J. Stat. Ann. 34:19-8 (West)). The Court considered the issue of a CEPA waiver under this statute, but found that resolution of the issue was premature given New Jersey caselaw extending the point when a CEPA action is considered "instituted" beyond the filing of the pleadings. Defendant argues that the waiver issue was ripe for consideration because Plaintiff had instituted his CEPA claim, taking the claim all the way to motions for summary judgment.

The New Jersey Supreme Court stated in *Young* that "[t]he meaning of 'institution of an action' could conceivably contemplate an election of remedies with restrictions in which the election is not considered to have been made until discovery is complete or the time of a pretrial conference." Since this decision, New Jersey courts have debated at which stage a plaintiff "institutes" an action under CEPA, and when he must make an election of remedies. *See, e.g.*, *Maw v. Advanced Clinical Commc'ns, Inc.*, 820 A.2d 105 (N.J. App. Div. 2003), *rev'd on other grounds,* 846 A.2d 604 (N.J. 2004) (finding that before electing remedies, a plaintiff should have the opportunity to complete discovery); *Hornung v. Weyerhaeuser Co., Inc.*, No. 06-2300, 2007 WL 2769646, at *6 (D.N.J. Sept. 21, 2007) (finding that a plaintiff must make an election of remedies when a claim is filed); *Dewelt v. Measurement Specialties, Inc.*, No. 02-3431, 2007 WL 542234, at *6 (D.N.J. Feb. 16, 2007) (allowing plaintiff to make an election of remedies after resolution of a motion for summary judgment).

Given the wide variety of outcomes in the caselaw on this issue, Defendant has not shown that it was clear error for this Court to decide that consideration of a CEPA waiver at this stage of the litigation was premature. "[T]he fact that there may be two interpretations of the same law and the same language is not to say that choosing one reading over another is a clear error of law." *See SGS U.S. Testing Co. v. Takata Corp.*, No. 09-6007, 2010 WL 4789341, at *2 (D.N.J. Nov. 17, 2010). To the extent that Defendant seeks to express disagreement with this Court's interpretation, the issue should be raised through the appellate process. *See, e.g.*, *Compaction Sys. Corp.*, 88 F. Supp. 2d at 345. Because Defendant has not shown that the Court made a clear error of law, reconsideration on this point will be denied.

Second, Defendant requests reconsideration of this Court's decision that Defendant waived its choice-of-law argument by failing to raise the issue until after the close of discovery. Defendant argues that raising the issue at this stage of the litigation did not prejudice Plaintiff because Plaintiff had access to all relevant information related to the choice-of-law argument, and thus was not prejudiced by being unable to seek discovery on this issue. However, in making this argument, Defendant misstates the basis of this Court's opinion. The finding of prejudice was not based on whether Plaintiff had access to the information related to choice-of-law, but whether he had notice and opportunity to present his side of the choice-of-law argument to the Court. The Court found that because of Defendant's timing in raising the issue, Plaintiff was not able to fully and fairly present his case, and thus, he was prejudiced.

Moreover, Defendant fails to point to any caselaw or other support that would indicate the Court had made a clear error of law in making this determination. Defendant merely rehashes the same arguments made in prior motions, and thus fails to carry the burden for a motion for reconsideration. *See, e.g.*, *Shanahan v. Diocese of Camden*, No. 12-2898, 2014 WL

1217859, at *2 (D.N.J. Mar. 21, 2014) (noting that district courts routinely deny motions for reconsideration that simply reargue the original motion); *Krishanthi v. Rajaratnam*, No. 09-5395, 2011 WL 1885707, at *2 (D.N.J. May 18, 2011) (noting that reconsideration is inappropriate where the motion merely raises a party's disagreement with the Court's decision or seeks to rehash arguments already raised and rejected). Therefore, the Court will deny reconsideration on the choice-of-law waiver.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration will be denied. A corresponding order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.