NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Mikael M. Safarian, <br><br> Plaintiff, <br><br> v. <br><br> American DG Energy Inc., et al., <br><br> Defendants. | Civ. No. 10-6082 <br><br> **OPINION** |
| American DG Energy Inc., <br><br> Third-party Plaintiff, <br> v. <br><br> Multiservice Power Inc., <br><br> Third-party Defendant. | |

THOMPSON, U.S.D.J.

      This matter is before the Court upon the motion of Plaintiff Mikael M. Safarian ("Plaintiff") for reconsideration (ECF No. 72), challenging the Court's November 24, 2015 Order granting Defendant American DG Energy Inc. ("Defendant") summary judgment on Plaintiff's Fair Labor Standards Act ("FLSA") and Conscientious Employee Protection Act ("CEPA") claims on the basis that Plaintiff was not an employee covered by those statutes. (ECF No. 69). Defendant opposes. (ECF No. 77). After considering the parties' written

1

submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will deny Plaintiff's motion.

## BACKGROUND

This matter centers on Defendant's alleged retaliation against Plaintiff. Defendant is a publicly traded company that operates in the utility industry. (Pl.'s Statement of Material Facts ¶¶ 2, 3, ECF No. 45-1). Plaintiff is an engineer who serviced Defendant's machines from approximately December 2006 to April 2010. (*Id.* ¶ 20; Def.'s Statement of Material Facts ¶ 11, ECF No. 44-1). While working on Defendant's sites, Plaintiff "disclosed [and] threatened to disclose" certain acts and omissions of Defendant to Defendant's employees and Defendant's customers. (Pl.'s Statement of Material Facts ¶ 53). Defendant incurred costs by correcting these problems, and Plaintiff alleges that these costs were the reason for his termination in April 2010. (*Id.* ¶ 63). Defendant and Plaintiff disagree on the question of Plaintiff's employment status, and thus, the availability of certain causes of action based on Defendant's alleged retaliation under federal and New Jersey law.

On September 22, 2010, Plaintiff filed the present lawsuit against Defendant in the Superior Court of New Jersey. Plaintiff brought the following claims:

1. Violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act;
2. Violation of FLSA: Failure to Pay;
3. Violation of the FLSA: Retaliation;
4. Violation of New Jersey's Wage and Hour Law: Failure to Pay;
5. Violation of New Jersey's Wage and Hour Law: Retaliation;
6. Breach of Contract;
7. Promissory Estoppel;
8. Violation of CEPA: Adverse Employment Action;
9. Violation of CEPA: Hostile Work Environment;
10. Violation of Public Policy: *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58, 61 (1980).

Defendant removed the case to federal court in November 2010. On March 3, 2014, both

parties filed motions for summary judgment. (ECF Nos. 44, 45). This Court heard oral argument, and on April 30, 2014, the Court issued an opinion granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment. (ECF No. 54). Plaintiff appealed the Court's decision to the Third Circuit, arguing that this Court erred in its analysis of whether Plaintiff was an independent contractor or an employee because the Court failed to examine the facts in light of the *Martin* factors and the relevant factors under New Jersey law.

On July 21, 2015, the Third Circuit affirmed this Court's opinion in part and vacated the opinion in part. *Safarian v. Am. DG Energy Inc.*, No. 14-2734, 2015 WL 4430837 (3d Cir. July 21, 2015). The Third Circuit affirmed the Court's grant of summary judgment in favor of Defendant on Plaintiff's Dodd-Frank, breach of contract, New Jersey Wage and Hour Law, and promissory estoppel claims. However, the Third Circuit vacated this Court's opinion with respect to Plaintiff's claims under the FLSA, CEPA, and *Pierce*, and remanded the case to this Court to consider the FLSA claim in light of the *Martin* factors and to consider the relevant factors under New Jersey law for the CEPA and *Pierce* claims.

On October 29, 2015, this Court once again heard oral argument on the parties' motions for summary judgment. The Court issued an opinion on November 24, 2015 dismissing Plaintiff's FLSA and CEPA claims but allowing his *Pierce* claim to proceed. (ECF No. 69). On December 8, 2015, both parties filed motions for reconsideration. (ECF Nos. 71, 72). Plaintiff's motion for reconsideration is presently before the Court.

DISCUSSION

A. Legal Standard

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." L. Civ. R. 7.1(i) cmt. 6(d) (citing cases); *Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, a motion for reconsideration may only be based on one of three grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not an appeal, and such a motion is improper "when it is used 'to ask the Court to rethink what it has already thought through—rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Md.,* 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations omitted), *rev'd on other grounds,* 989 F.2d 635 (3d Cir. 1993). Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

B. Analysis

Plaintiff asks for reconsideration of the Court's dismissal of his FLSA and CEPA claims on the basis that Plaintiff was not an employee covered by those statutes. Plaintiff argues that the Court misapplied the tests used to determine worker status under *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1293 (3d Cir. 1991) for the FLSA claims and *Pukowsky v. Caruso*, 711 A.2d 398, 404 (N.J. Super. Ct. App. Div. 1998) for the CEPA claims. Specifically, Plaintiff claims that this Court did not give adequate weight to certain facts and failed to consider other relevant evidence. (Pl.'s Br. 3, 7, ECF No. 72-1).

Plaintiff has not satisfied the high standard for reconsideration.  First, Plaintiff does not assert any intervening change in the law.  Second, Plaintiff does not assert the availability of new, previously unavailable evidence.  Third, Plaintiff's arguments do not show a clear error of law or manifest injustice. The crux of Plaintiff's argument is that this Court improperly evaluated the evidence in applying the *Martin* and *Pukowsky* factors.  Plaintiff reargues all of the *Martin* and *Pukowsky* factors, highlighting facts that this Court allegedly overlooked.  However, this Court already considered the facts highlighted by Plaintiff but did not find them dispositive when weighed against the other facts of the case.

Plaintiff raises no evidence or law that was overlooked by the Court.  Instead, Plaintiff merely rehashes the same arguments made in prior motions to argue that the Court should have come to a different conclusion.  As such, Plaintiff fails to carry the burden for a motion for reconsideration.  *See, e.g.*, *Shanahan v. Diocese of Camden*, No. 12-2898, 2014 WL 1217859, at *2 (D.N.J. Mar. 21, 2014) (noting that district courts routinely deny motions for reconsideration that simply reargue the original motion); *Krishanthi v. Rajaratnam*, No. 09-5395, 2011 WL 1885707, at *2 (D.N.J. May 18, 2011) (noting that reconsideration is inappropriate where the motion merely raises a party's disagreement with the Court's decision or seeks to rehash arguments already raised and rejected).  To the extent that Plaintiff seeks to express disagreement with this Court's conclusions, these issues should be raised through the appellate process.  *See, e.g.*, *Compaction Sys. Corp.*, 88 F. Supp. 2d at 345.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied. A corresponding order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.
