# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MIKAEL M. SAFARIAN, | x : | Civil Action |
| Plaintiffs, | : : | No. 3:10-CV-06082-AET-TJB |
| v. | : : : | |
| AMERICAN DG ENERGY INC., JOHN DOES 1-20, being fictitious names, | : : : : | |
| Defendants. | : : : x | |
| AMERICAN DG ENERGY INC., | x : | |
| Third-Party Plaintiff, | : : | |
| v. | : : | |
| MULTISERVICE POWER INC., | : : | |
| Third-Party Defendant. | : x | |

**PLAINTIFF'S PROPOSED VOIR DIRE**

**PRELIMINARY CASE STATEMENT**

Before we begin the jury selection process, I would like to outline certain background information concerning the case which is about to be tried.

Plaintiff, Mikael Safarian is an engineer who was hired by Defendant, American DG Energy, Inc. in December of 2006. Defendant, American DG Energy, Inc. (also referred to as "ADG") is a company which sells, installs, and maintains commercial hearing and hot water systems, called cogeneration energy systems for customers throughout New York, New Jersey, and Massachusetts. Mr. Safarian was assigned to perform work for ADG at its customers' locations in New York and New Jersey. Mr. Safarian was paid by ADG through Multiservice Power Inc. – a company which Mr. Safarian owns exclusively.

Mr. Safarian is suing ADG for retaliatory termination in violation of a clear mandate of public policy against fraud and deceptive commercial practices. In other words, Mr. Safarian is claiming that he was fired from his position with ADG in 2010 because he made objections to conduct which he believed was fraudulent or which constituted deceptive commercial practices with its customers.

Defendant, ADG claims that Plaintiff was not a direct employee of ADG, but an independent contractor, working through Multiservice Power. ADG also contends that there was no fraudulent overbilling and that Plaintiff was not terminated in retaliation for any complaints or in violation of any clear mandate of public policy. ADG claims that Mr. Safarian's position was eliminated because of lack of work, to reduce costs, and indifferent performance.

I will now ask you questions to help us select jurors for this case. We are using these questions in order to ascertain whether you have any personal experiences or special knowledge which might

influence your deliberations.

Please understand that these questions are not meant to embarrass you or to pry into your personal affairs. People often have strong feelings that they may be reluctant to disclose, but you have sworn to answer all questions truthfully and completely and you must do so. If you do not understand a question, please raise your hand and ask for an explanation. Remaining silent when you have relevant information to disclose is as much a violation of your oath as making a false statement. A violation of your oath to tell the whole truth could result in civil and criminal penalties against you.

**Court's Standard juror Questionnaire Questions (1-20)**

**Plaintiff's additional proposed questions:**

1. *Introduce the lawyers and the parties.* Do any of you know either/any of the lawyers? Has either / any of them or anyone in their office ever represented you or brought any action against you? Do you know:
    - McLaughlin & Nardi, LLC
    - Maurice W. McLaughlin
    - Pauline M.K. Young
    - Windels, Marx, Lane, & Mittendorf, LLP
    - Rodman E. Honecker
    - William C. Cagney
    - Mikael Safarian
    - American DG Energy, Inc.

2. *Read names of potential witnesses.* Do you know any of the potential witnesses?
    - Stuart Temple
    - Edward Miller
    - Steven Mizia
    - Vivian Wong
    - Kurleigh Tudor
    - Andrew ("AJ") Coates
    - Alexander Butkevitch
    - Barry Sanders
    - John Estabrook
    - Peter Westerhoff
    - Alex (Aleksey) Einkev
    - Kristin Kucsma

3

3. I have already briefly described the case. Do you know anything about this case from any source other than what I've just told you?

4. The court is aware that there has been a great deal of public discussion about something called Tort Reform (laws that restrict the right to sue or limit the amount recovered). Do you have an opinion, one way or the other, on this subject?

5. If the law and evidence warranted, would you be able to render a verdict in favor of the plaintiff or defendant regardless of any sympathy you may have for either party?

6. Based on what I have told you, is there anything about this case or the nature of the claim itself, that would interfere with your ability to be fair and impartial and to apply the law as instructed by the court?

7. Please set forth the name and address of your current employers, when you started to work for them, and what you do.

8. Please set forth the names of your employers over the last ten years, where you worked, when you worked for them, and what you did.

9. Please set forth your educational background, including high school, college, and any further education and degrees, certifications, or licenses obtained.

10. Have you, anyone in your immediate family or anyone you are close with been fired, laid off, or otherwise forced from your/their employment within the last ten years. If so, what were the circumstances?

11. Do you or does anyone in your family supervise employees? If so, describe in what capacity, how long you/they have done so, and how many employees are supervised.

12. Have you, anyone in your family, or anyone you are close to either currently or in the past been involved as a party either as a plaintiff or a defendant in a lawsuit? If so, what claims did it involve? What was the result?

13. Have you, anyone in your family or anyone with whom you are close with ever been charged with a crime? If so, please set forth when, where, the charges, and the outcome (ie., acquitted, convicted, probation, fine, imprisonment for a period of time).

14. Do you believe an employee should be entitled to sue and receive money damages because they were wrongfully fired or harassed at work?

15. New Jersey law requires that if a plaintiff demonstrate only that it was more likely than not that a defendant was at fault before he or she is entitled to recover money damages from that defendant. Do you have any difficulty accepting that concept?

16. Have you or anyone in your family, or anyone you are close to either currently or in the past been involved in engineering, utility, energy, power, or construction work?  If so, please explain.

17. Have you ever heard of American DG Energy, Inc. before?  If so, what opinions have you formed as to that company?

18. Have you heard of the term "whistleblower"?  If so, what is your understanding of what a whistleblower is and what opinions have you formed regarding whistleblowers?

19. What is your opinion of engineers?

20. What is your opinion on government regulations?

21. Have you ever had any experiences with government building or construction or with inspections or permitting?  If so, please describe them.

22. Would your verdict in this case be influenced in any way by factors other than the evidence in the courtroom such as friendships, family relationships, or the type of work you do?

23. List all organizations, associations, and/or clubs that you belong to.

24. List all publications that you subscribe to or read on a regular basis.

25. List your favorite television shows.

26. List the last three books you read.

27. List all bumper stickers on your car.

28. Is there anything, whether or not covered in the previous questions, which would affect your ability to be a fair and impartial juror or in any way be a problem for you in serving on this jury?

                    Respectfully Submitted,
                    McLAUGHLIN & NARDI, LLC
                    Attorney for Plaintiff

                    */s/ Pauline M.K. Young*
Dated: February 4, 2017      Pauline M.K. Young