# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MIKAEL M. SAFARIAN, | x : | Civil Action |
| Plaintiffs, | : : | No. 3:10-CV-06082-AET-TJB |
| v. | : : : | |
| AMERICAN DG ENERGY INC., JOHN DOES 1-20, being fictitious names, | : : : : | |
| Defendants. | : : : x | |
| AMERICAN DG ENERGY INC., | x : | |
| Third-Party Plaintiff, | : : | |
| v. | : : | |
| MULTISERVICE POWER INC., | : : | |
| Third-Party Defendant. | : : x | |

## PLAINTIFF'S PRELIMINARY PROPOSED JURY CHARGE

## Third Circuit Court of Appeals: District Court

## General Instructions for Civil Cases

## 1. Preliminary Instructions For Use at Commencement of Trial and/or at End of Trial.

    1.1   Introduction; Role of Jury [As stated in model instructions.]

    1.2   Description of Case; Summary of Applicable Law

In this case, Plaintiff, Mikael Safarian, claims that Defendant, American DG Energy, Inc. wrongfully terminated his employment in violation of public policy, specifically the public policy against deceptive commercial practices and theft by deception. American DG Energy Inc. denies those claims and also brought a cross-claim against Multiservice Power, Inc. claiming that the Multiservice Power Inc. was a contractor of Defendant's and thus alleging that Mikael Safarian cannot bring a claim for wrongful termination. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that plaintiff must prove to make his case:

The public policies against deceptive commercial practices and theft by deception and in favor of the honest and truthful billing of customers are clear mandates of public policy. Plaintiff, Mikael Safarian must establish that he was discharged from his employment with Defendant:
    (a)     in violation of that policy; or
    (b)     for exercising rights protected by that policy; or
    (c)     for declining to perform an act or acts which require a violation of that policy.


    1.3 - 1.5   Conduct of Jury, Bench Conferences, Evidence [As stated in model instructions.]

    1.6   Direct and Circumstantial Evidence [As stated in model instructions; <u>Option 1</u>]

    1.7   Credibility of Witnesses [As stated in model instructions.]

    1.8   Jury Questions for Witnesses [As stated in model instructions. <u>Option 2-Jury Can Ask Questions.</u>]

    1.9   Note-Taking By Jurors [As stated in model instructions. Option 1 – Notes Permitted]

    1.10   Preponderance of the Evidence [As stated in model instructions.]

    1.12   Description of Trial Proceedings [As stated in model instructions.]

**2. General Instructions For Use During Trial**

    2.5   Use of Deposition [As stated in model instructions.]

    2.6   Use of Interrogatories [As stated in model instructions.]

    2.9    Striking Evidence [As stated in model instructions; as needed]

    2.10   Evidence Admitted for a Limited Purpose [As stated in model instructions; as needed]

    2.11   Opinion Testimony [As stated in model instructions; as needed]

    2.14   Recess Admonition [As stated in model instructions; as needed]


**3. General Instructions For Use At End of Trial**

    3.1   Deliberations  [As stated in model instructions.]

    3.2   Number of Witnesses [As stated in model instructions.]

    3.4   Deadlock [As stated in model instructions.]


**New Jersey State Model Jury Charges**

**1.12 (F) General Provisions for Standard Charge: Contention of the Parties**

Plaintiff, Mikael Safarian worked for Defendant American DG Energy Inc. ("ADGE") from approximately December of 2006 through March of 2010. Mikael was hired to act as a project manager for various projects.

ADGE is in the business of installing energy equipment at customer locations. ADGE's machines and equipment feed off of the energy provided by the main grid to create more energy for the customer. ADGE then meters the energy generated by its equipment to bill its customers.

Mr. Safarian's job with ADGE required an engineering and mechanical systems

background. His work involved analyzing and servicing Defendant's machines to make them more efficient, allowing Defendant to generate more energy and thus increase productivity and efficiency for customers. Mikael worked with other employees at ADGE and, at times also interviewed and assisted in the hiring of other employees for Defendant.

Mr. Safarian worked for ADGE Monday through Friday, as well as some weekends, nights, and holidays. He worked at least 40, sometimes over 50 hours each week.

It is Plaintiff's contention that during the course of his employment, he noticed, disclosed, and objected to several conditions, acts, and failures to act on ADGE's part which he believed were illegal, unethical, and/or against public policies, particularly with regard to deceptive billing practices with customers. It is Plaintiff's contention that, because of these objections and disclosures, Defendant ADGE terminated Mr. Safarian's employment with ADGE.

ADGE on the other hand contends that Mr. Safarian should not be protected as an employee and that Mr. Safarian was not terminated in retaliation for any complaints of fraudulent overbilling.

**SPECIFIC CLAIMS**

**2.11 WRONGFUL DISCHARGE IN VIOLATION OF A CLEAR MANDATE OF PUBLIC POLICY**[1]  (Approved 3/91; Revised 7/10)

Plaintiff has alleged that he was wrongfully discharged from his position in violation of public policy. I charge you that the following policies, or laws and statutes illustrating policies are clear mandates of public policies against deceptive commercial practices, fraudulent or deceptive billing of customers.  Discouraging such deceptive commercial practices is a clear mandates of public policy. [2]  You must decide whether Mikael Safarian was discharged:

(1)  in violation of that policy; or

(2)  for exercising rights protected by that policy, including making objections or disclosures regarding his reasonable belief of violations of such policy; or

(3)  for declining to perform an act or acts which he reasonably believed required a violation of that policy;

In order to establish that plaintiff was discharged in violation of a public policy, you must find by a preponderance of the evidence (in other words that it is more likely than not) that Mr. Safarian's discharge violated one of the public policies at issue.  If Mr. Safarian does prove that his discharge violated one of the public policies set forth above, then you must consider whether[3] a determinative factor for his discharge was a violation of one of the public policies, and not some other reason such as terminating a contract for work without cause, which defendant has asserted.

---

[1] This charge is to be given only if a claim is asserted under *Pierce v. Ortho Pharmaceutical Corp.*, 84 *N.J.* 58 (1980).

[2] Whether there is a clear mandate of public policy prohibiting the conduct is a question for the trial judge.  *Warthen v. Toms River Community Hospital*, 199 *N.J. Super.* 18, 25 (App. Div. 1985).

Alternatively, Mikael Safarian may prove that he was wrongfully terminated if he proves that he was discharged for exercising rights under one of these public policies, such as by making an objection or disclosure about what he reasonably believed was a violation of public policy, or for declining to perform an act or acts which would violate of one of the public policies.  In order to establish that Mikael Safarian was discharged for exercising rights under these public policies or for declining to perform an act or acts which require a violation of these public policies, you must find that Mr. Safarian has proved by a preponderance of the evidence (meaning that it was more likely than not) that:

    a.    Mikael Safarian had a reasonable basis for believing that American GD Energy, Inc. engaged in a violation of these public policies ; Plaintiff need not actually prove that a statute, rule or public policy was violated by Defendant, only that there was an objectively reasonable belief that a violation had occurred [4] and

    b.    that Mikael Safarian took action reasonably calculated to prevent the objectionable conduct.[5]

Mr. Safarian must prove that he sufficiently expressed his disagreement with American DG Energy Inc.'s fraudulent or improper billing practices in order to support the conclusion that his discharge violates the mandate of public policy and is unlawful.

---

  3 *Erickson v. Marsh & McLennan*, 117 N.J. 539, 560, 561 (1990). This seems tautological, but that is what the opinion says.

  4 Pierce v. Ortho Pharmaceutical Corp., supra, at 72; Dzwonar v. McDevitt, 177 N.J. 451, 463-464 (2003); Gibson v. 11 History Lane Operating Co., 2014 WL 700124, at *6 (N.J. App. Div. Feb. 25, 2014)

6

That is to say, a complaint to an outside agency or a direct complaint to senior corporate management will ordinarily be sufficient.[6]

If Mr. Safarian does not prove that his employment was terminated in violation of a public policy or that his employment was terminated for exercising his rights protected by that policy by objecting to policy violations or for refusing to perform acts which would violate any of the policies enumerated, than you need not consider whether his discharge was wrongful.

It is the plaintiff's obligation to prove, by a preponderance of the evidence (in other words that it was more likely than not), that his firing violated a clear mandate of public policy.[7, 8]   An "at will" employee, meaning someone who does not have a contract of employment, can be discharged at the wish of the employer for any reason or for no reason, except he cannot legally be discharged in violation of law or for objecting to or disclosing a violation of any clear mandate of public policy.  A person fired unfairly, but not fired in

---

[5] *Tartaglia v. UBS PaineWebber Inc.*, 197 *N.J.* 81, 111 (2008).
[6] *Tartaglia v. UBS PaineWebber Inc.*, supra, at 109.

[7] *Tartaglia v. UBS PaineWebber Inc.*, supra, at 112.

[8] Although the New Jersey Supreme Court and Appellate Division have held that plaintiffs bringing claims under the *New Jersey Law Against Discrimination* (LAD), *New Jersey Conscientious Employee Protection Act* (CEPA), and *New Jersey Family Leave Act* (FLA) need only prove that the unlawful motive was a determinative factor in the adverse employment decision rather than the sole motivating factor, *see, e.g., Bergen Commercial Bank v. Sisler,* 157 *N.J.* 188, 207 (1999) (so holding with regard to LAD), *Donofry v. Autotote Systems, Inc.*, 350 *N.J. Super.* 276, 293 (App. Div. 2001) (so holding with regard to CEPA), and *DePalma v. Building Inspection Underwriters*, 350 *N.J. Super.* 195, 214 (App. Div. 2002) (so holding with regard to FLA), no reported New Jersey state or federal court decisions appear to have addressed that issue with regard to New Jersey common-law wrongful discharge claims.

violation of a specific public policy, does not have a cause of action for wrongful discharge in violation of public policy unless he meets the elements as I have explained them to you.

### **Protections as an Employee**

A worker is protected from a wrongful discharge in violation of public policy where there is a need to protect at-will employees, who are under the total control of the employer and without separate or independent contractual rights that provide employment protections.[2] For these protections and purposes, whether an individual is characterized as an independent contractor or an employee for wrongful termination in violation of public policy depends – not on the nominal label adopted by the parties – but rather on the characteristics of the relationship between the parties.[3] To receive protections for wrongful termination as a whistleblower in relation to public policy violations:

1. First, you must consider whether Defendant, American DG Energy, Inc. had control over Plaintiff and Plaintiff's work. Greater control over the Plaintiff's work signifies an employer-employee relationship permitting a wrongful termination claim;

2. Second, you must consider whether Plaintiff, Mikael Safarian was dependent upon the Defendant, American DG Energy for income. Greater dependence signifies an employer-employee relationship permitting a wrongful termination

---

[2] MacDougall v. Weichert, 677 A.2d 162, 166 (N.J. 1996) (citing Pierce, 417 A.2d at 512.)

[3] MacDougall v. Weichert, 677 A.2d 162, 166 (N.J. 1996) (citing Pierce, 417 A.2d at 512.) See also,

8

claim; and

3. Third, you must consider whether there were any contractual employment protections. The absence of contractual protections signifies an employer-employee relationship permitting a wrongful termination claim. [4]

Plaintiff, Mikael Safarian is presumed to be an employee unless Defendant, American DG Energy, Inc. can prove that he does not meet the test as an employee.[5]

Dated: February 4, 2017

Respectfully Submitted,
McLaughlin and Nardi, LLC

By: ___/s/ Pauline M.K. Young___
Pauline M.K. Young
Attorneys for Plaintiff

---

Opinion of the Honorable Anne E. Thompson, U.S.D.J. in this matter filed 11/24/15, p. 14.

[4] MacDougall v. Weichert, 677 A.2d 162, 166 (N.J. 1996) (citing Pierce, 417 A.2d at 512.) See also, Opinion of the Honorable Anne E. Thompson, U.S.D.J. in this matter filed 11/24/15, p. 14.

[5] Hargrove v. Sleepy's LLC, 220 N.J. 289, 305 (2015)